# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

HARVEY FUEL COMPANY, LLC AND
HARVEY GULF INTERNATIONAL
MARINE, LLC

NO.  2025 CW 1285

VERSUS

WESTON AND ASSOCIATES, LLC,
SUR-SEAL LINERS, AND CST
INDUSTRIES, LLC

**APRIL 8, 2026**

---

In Re:  Harvey Fuel Company and Harvey Gulf International
Marine, LLC, applying for supervisory writs, 17th
Judicial District Court, Parish of Lafourche, No.
150777.

---

BEFORE:  McCLENDON, C.J., GREENE, AND STROMBERG, JJ.

**WRIT GRANTED.** Generally, for purposes of a venue exception, the allegations of the plaintiff's petition are taken as true. **Alost v. Lawler**, 2018-1271 (La. App. 1st Cir. 5/8/19), 277 So.3d 329, 335. However, when evidence is introduced at the hearing on the exception, the court is not bound to accept the petition's allegations as true. **Id.** at 334. As the exceptor urging the declinatory exception of improper venue, CST Industries, Inc. bore the burden of proving that venue in the 17th Judicial District Court was improper. CST failed to meet that burden. It did not introduce any evidence at the March 12, 2025 hearing, including the Sales Agreement containing the forum selection clause on which it relied. Although the district court appears to have considered documents attached to memoranda, "[d]ocuments attached to memoranda do not constitute evidence and cannot be considered as such on appeal." **Alost**, 277 So.3d at 334 n.4 (quoting **Denoux v. Vessel Mgmt. Servs., Inc.**, 2007-2143 (La. 5/21/08), 983 So.2d 84, 88). See also **Bailey v. Loewe**, 2019-0915 (La. App. 1st Cir. 8/3/20), 310 So.3d 746, 748. In the absence of competent evidence establishing improper venue, and accepting the petition's allegations as true, the district court erred in sustaining the exception. Accordingly, the exception of improper venue is denied.

**PMc**
**HG**
**TPS**

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT